**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. André M. Espinosa, U.S.M.J. |
| | : | |
| v. | : | Mag. No. 25-11260-AME-2 |
| | : | |
| SAED ALI MIRREH | : | **ORDER FOR CONTINUANCE** |

1.     This matter came before the Court on the joint application of Robert Frazer, United States Attorney for the District of New Jersey (Camila Garces, Assistant U.S. Attorney, appearing), and defendant Saed Ali Mirreh ("the defendant") (Dawn Farrina, Esq. and Casey Arbenz, Esq., appearing), for an order granting a continuance under 18 U.S.C. § 3161(h)(7)(A) through July 27, 2026.

2.     On November 5, 2025, the defendant was charged by complaint in the District of New Jersey with conspiracy to provide material support to a designated foreign terrorist organization, in violation of Title 18, United States Code, Section 2339B(a)(1). *See* Mag. No. 25-11260 (AME).

3.     On that date, the defendant had an initial appearance before the Honorable Michelle L. Peterson, United States Magistrate Judge, in the Western District of Washington. *See* Mag. No. 25-708 (MLP). The defendant was remanded to the custody of the United States Marshals Service ("USMS"), and ordered removed to the District of New Jersey.

4.     Pursuant to 18 U.S.C. § 3161(h)(1)(F), the speedy trial clock is tolled by operation of law for 10 days from the date an order of removal or an order directing such transportation.

5.  On November 7, 2025, to facilitate the parties' ongoing negotiations about a potential transfer of these proceedings to the Western District of Washington under Federal Rule of Criminal Procedure 20, Judge Peterson issued an order directing USMS not to transport to the District of New Jersey until further order.

6.  This Court granted three § 3161(h)(7(A) continuances previously in this case.

7.  Counsel for the parties represented that this additional continuance is necessary for effective preparation and to permit the parties to attempt to resolve this case prior to indictment and thereby avoid a trial.

8.  Counsel for the United States also represented that this additional continuance is necessary to prevent any more non-excludable days under § 3161(h) from expiring.

9.  The defendant knows that he has the right under § 3161(b) to have this matter submitted to a grand jury within thirty days after his arrest.

10.  The defendant, through counsel, has consented to this continuance.

11.  FOR GOOD CAUSE, THIS COURT FINDS that this case should be continued for the following reasons:

a.  Both the United States and the defendant desire additional time for entry of a plea, which would render grand jury proceedings and a trial in this matter unnecessary.

b.      Thus, the ends of justice served by granting the continuance and preventing any further non-excludable days from passing under § 3161(h) outweigh the best interest of the public and the defendant in a speedy trial.

IT IS, therefore:

ORDERED that this action is continued from May 25, 2026 through July 27, 2026; and it is further

ORDERED that those days are excluded in computing time under the Speedy Trial Act of 1974; and it is further

ORDERED that nothing in this Order or the application prompting it is a finding or representation that less than 31 non-excludable days under § 3161(h) have expired.

_____
HON. ANDRÉ M. ESPINOSA
United States Magistrate Judge

Dated: May _11_, 2026

- 4 -

Form and entry consented to:

/s/ Dawn Farina

Dawn Farina
Counsel for Saed Ali Mirreh

_____
Camila Garces
Assistant U.S. Attorney

_____
Joyce M. Malliet
Chief, National Security Unit